**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LEE KINSTLEY and KENNETH R. KINSTLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY & COUNTY OF SAN FRANCISCO, CITY OF PLEASANT HILL and DIANNE KENNY,<br><br>Defendants. | Case No. C 07-02323 SBA (MEJ)<br><br>**AMENDED ORDER GRANTING DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND DIANNE KENNY'S MOTION FOR SANCTIONS;**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS ALL SANCTIONS REQUESTED BY DEFENDANTS;**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS;**<br><br>**ORDER FINDING AS MOOT DEFENDANT DIANNE KENNY'S MOTION TO STRIKE** |

**I. INTRODUCTION**

Before the Court are the following motions: (1) Defendants City and County of San Francisco and Dianne Kenny's ("Defendants") Motion for Sanctions against Plaintiffs Maria Lee Kinstley and Kenneth R. Kinstley ("Plaintiffs"), filed November 18, 2008 (Dkt. #68); (2) Plaintiff Maria Lee Kinstley's Motion to Dismiss all Sanctions Requested by Defendants, filed February 3, 2009 (Dkt. #90); 3) Plaintiff's Request For Sanctions From Defendants, filed February 3, 2009 (Dkt. #91); and 4) Defendants' Motions to Strike Plaintiff's motions (Dkt. #92). After careful consideration of the parties' papers, oral arguments at the November 20, 2008 and February 5, 2009

hearings, and good cause appearing, the Court hereby GRANTS Defendants' Motion for Sanctions, as detailed below, DENIES Plaintiff's Motion to Dismiss All Sanctions, DENIES Plaintiff's Request for Sanctions From Defendants, and FINDS AS MOOT Defendants' Motion to Strike for the reasons set forth below.

## II. BACKGROUND

On July 9, 2008, the Honorable Saundra Brown Armstrong, the presiding judge in this matter, conducted an initial case management conference, during which Defendants requested that Plaintiffs inform them of available dates for depositions by July 14, 2008. Plaintiffs, however, did not notify Defendants of suitable dates by the July 14, 2008 deadline.

On July 16, 2008, Defendant City of Pleasant Hill[1] noticed the depositions of Plaintiffs for August 5, 2008 at 10:00 a.m. and 1:30 p.m., respectively. (Dkt. #69, Ex. A.) Plaintiffs served no objections to the deposition notices. Instead, Plaintiffs e-mailed Defendants on July 21, 2008 that they would not give depositions because they believed that their rights would be violated because of a pending criminal trial. (Joint Discovery Letter, Dkt. # 66.) On July 31, 2008, Plaintiffs again e-mailed Defendants that they would not give their depositions on August 5, 2008. (*Id.*)

On August 5, 2008, Plaintiffs failed to appear for their noticed depositions.

On August 13, 2008, Defendants' counsel, San Francisco Deputy City Attorney Robert Bonta, wrote an e-mail to Plaintiffs in which he requested that they agree to appear for their depositions and pay to Defendants sanctions in the amount of $1,500.00. (Dkt. #69, Ex. B.)

On September 16, 2008, Mr. Bonta traveled to Walnut Creek to meet and confer with Plaintiffs and co-defense counsel, Noah Blechman, in Mr. Blechman's office regarding this dispute. Unable to resolve the dispute at that time, the parties filed a joint discovery letter on October 31, 2008. (Dkt. #66.) In the letter, Defendants requested that the Court compel Plaintiffs' depositions and sought sanctions for time spent preparing for the August 5, 2008 depositions, attending and traveling to and from the depositions, and attending and traveling to and from the September 16

---

[1] Defendant City of Pleasant Hill also filed a motion for sanctions, but has since been dismissed from the case and withdrew its motion. Accordingly, any reference to "Defendants" in this Order does not include Pleasant Hill.

2

1  meet and confer session.  Upon review of the parties' letter, the Court scheduled a hearing on the
2  matter to take place on November 20, 2008.  (Dkt. #67.)
3       On November 18, 2008, Defendants filed a Motion for Sanctions, as well as the Declaration
4  of Robert A. Bonta in Support thereof, based on Plaintiffs' failure to appear at the August 5, 2008
5  depositions.  (Dkt. ## 68, 69.)
6       At the November 20, 2008 discovery hearing, Plaintiffs expressed their concern that they
7  faced criminal charges which they believed would be prejudiced by giving civil depositions at this
8  time.  Based on Plaintiffs' representations, the Court ordered Plaintiffs to file a motion to stay before
9  Judge Armstrong, by November 24, 2008.  The Court also ordered Plaintiffs to give their depositions
10 by January 21, 2009.
11      On November 24, 2008, Plaintiffs filed their Motion to Stay, (Dkt. #76), which Judge
12 Armstrong subsequently denied.  (Dkt. #80.)
13      On January 20, 2009, Defendants filed a Reply in support of their sanctions motion, noting
14 only that Plaintiffs failed to file any opposition.  (Dkt. #84).
15      On February 3, 2009, Plaintiff filed her Motion to Dismiss All Sanctions Requested by
16 Defendants and Motion For Sanctions, noticing February 5, 2009 as the hearing date.  (Dkt. ## 90,
17 91.)  On February 4, 2009, Defendants filed her administrative motion to strike Plaintiff's motions.
18 (Dkt. #92.)
19      On February 5, 2009, the Court held a hearing on the matters.  Plaintiff Maria Lee Kinstley
20 appeared pro se, and Attorney Robert A. Bonta appeared for Defendants.  (Dkt. #96.)

### III. DISCUSSION

**A.    Defendants' Motion to Dismiss**

In their motion, Defendants seek sanctions in the form for of attorney's fees in the amount of $2100.00, for the time spent preparing for Plaintiffs' deposition scheduled for August 5, 2008, at which Plaintiffs did not appear, attending and traveling to and from the scheduled depositions, and preparing Defendants' Motion for Sanctions.  (Def. Mot. for Sanctions, Dkt. #68.)

Under Federal Rule of Civil Procedure ("FRCP") 37(d), courts may impose sanctions,

3

including reasonable expenses, where a party fails to appear for deposition after receiving proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i). Courts should award reasonable expenses resulting from the failure to appear unless the failure was substantially justified or other circumstances exist which make the award unjust. Fed. R. Civ. P. 37(d)(3). However, the failure to appear need not be willful to warrant sanctions. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985). Even a negligent failure to allow reasonable discovery may be punished. *Marquis v. Chrysler Corp*. 577 F.2d 624 (9th Cir. 1978). The failure to appear cannot be excused on the ground that the discovery sought was objectionable, unless the party has a pending motion for a protective order under Rule 26(c). Fed. R. Civ. P. 37(d)(2)

In the case at bar, the Court recognizes that the Plaintiffs are pro se and are therefore entitled to a certain degree of leniency. But fairness dictates that when pro se Plaintiffs bring an action, they not be allowed to gain an advantage by merely picking and choosing which procedural rules they will obey. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (Although pro se litigants are afforded a certain leniency, they are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines). At the July 9, 2008 Case Management Conference, Judge Armstrong admonished Plaintiffs that they would need to familiarize themselves with the Court's local rules and the Federal Rules of Civil Procedure. (Dkt. #48.) Plaintiffs unilaterally chose not to appear for their depositions, despite the absence of any protective order permitting them to do so. The Court finds that the failure to appear was not substantially justified, nor are there circumstances which would make the imposition of sanctions unjust. Though the Court is mindful of the fact that Plaintiffs felt that their rights as criminal defendants would be prejudiced if they gave civil depositions prior to their trials on criminal charges, Plaintiffs' remedy was to seek a protective order and not to unilaterally fail to appear for their depositions. Accordingly, the Court finds sanctions appropriate.

Motions for attorney's fees and expenses should include a description of services rendered, time spent, and rate of billing. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993). Moreover, there must be evidence that the rates are reasonable or comparable with prevailing rates

4

in the community. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1386 (9th Cir. 1988).

In the November 18, 2008 Declaration of Robert A. Bonta, Defendants described their expenses with sufficient detail for the Court to find Defendants' request for $2,100.00 reasonable. Mr. Bonta spent no less than seven hours preparing for Plaintiffs' depositions, traveling to and from Walnut Creek to meet and confer with Plaintiffs, and preparing this motion. (Decl. of Robert Bonta, Dkt. #69, ¶ 7) As Defendants have also shown that the prevailing market rate for an attorney with Mr. Bonta's experience is no less than $300.00 per hour,. *see id.*, the Court therefore finds that Defendants are entitled to $2,100.00.

The Court hereby GRANTS Defendants' motion for sanctions against Plaintiff Maria Lee Kinstley.[2] However, only $200.00 shall be due immediately and paid at the rate of $25.00 per month, beginning March 1, 2009, until the $200.00 is paid in full. As to the remaining $1,900.00 requested by Defendants, the Court shall not require payment unless Ms. Kinstley fails to comply with any subsequent discovery requests that the Court determines relevant and permissible under the Federal Rules of Civil Procedure. If Defendants make such a showing, the Court SHALL impose the additional $1,900.00 in sanctions.

**B.     Plaintiff's Motions and Defendants' Motion to Strike**

Plaintiff filed her two motions on February 3, 2009, two days before the noticed hearing date. They were filed without points and authorities, a proposed order, affidavits or declarations. In her motions, Plaintiff asks the Court to deny Defendants' motion for sanctions, and also seeks a punitive award for what she considers harassment by Defendants via their motion. She also seeks expenses related to responding to Defendants' motion.

Civil Local Rule 7-2(a) provides that: "Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after the service of the motion." In addition, Local

---

[2] On May 29, 2008, Judge Armstrong dismissed Plaintiff Kenneth Kinstley from this case. (Dkt. #35.) Accordingly, the Court shall not award sanctions against him.

5

Rule 7-2(b) requires a motion to contain points and authorities in support of the motion, Local Rule 7-2(c) requires the motion to include a proposed order unless excused by the court, and Local Rule 7-2(d) requires a motion to be accompanied by affidavits or declarations pursuant to Civil Local Rule 7-5.

Here, Plaintiff has failed to comply with Civil Local Rule 7 - she filed her motions on February 3, 2009, and noticed them for February 5, 2009, a mere two days later. Further, her motions contain no points and authorities and no proposed order. Therefore, the Court hereby DENIES Plaintiff's motions.

Having denied Plaintiff motions, the Court finds Defendants' Motions to Strike moot.

### IV. CONCLUSION

Based on the forgoing analysis, the Court hereby GRANTS Defendants' motion for sanctions, DENIES Plaintiff's motion to strike and motion for sanctions, and FINDS Defendants' motion to strike moot. The Court awards sanctions against Plaintiff Maria Lee Kinstley in the amount of $2,100.00 for costs incurred by Defendants for her failure to appear for her August 5, 2008 deposition. Two hundred dollars shall be due immediately, and payable in the amount of $25.00 per month beginning March 1, 2009, and continuing until paid the $200.00 is paid in full. Payment of the remaining $1,900.00 requested by Defendants shall become due if Ms. Kinstley fails to comply with any subsequent discovery requests that the Court determines relevant and permissible under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: February 17, 2009

MARIA-ELENA JAMES
United States Magistrate Judge

6