UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIA LEE KINSTLEY and KENNETH R. KINSTLEY,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY & COUNTY OF SAN FRANCISCO, et al,<br><br>　　　　　Defendant. | No. C 07-2323-SBA<br><br>ORDER<br><br>[Docket No. 106, 116, 117] |

## I.  Introduction

This matter is before the Court on Defendant Diane Kenny's motion for summary judgment. [Docket No. 106]. The motion for summary judgment was filed on May 19, 2009, and noticed for hearing on June 23, 2009. Pursuant to Local Rule 7-3(a), Plaintiff's opposition was due on or before June 2, 2009. No opposition was filed by June 2, 2009, nor did Plaintiff seek an extension of the filing date. On June 18, 2009, the Court continued the hearing date to June 30, 2009. [Docket No. 114]. On June 23, 2009, three weeks past Plaintiff's deadline to oppose the motion for summary judgment, she filed an "Objection to Defendant's Motion for Summary Judgment." The Defendant filed a Motion to Strike Plaintiff's Objection as untimely on June 25, 2009. [Docket No. 117]. For the reasons discussed below, the Court **GRANTS** the Defendant's Motion to Strike, **STRIKES** the Objection in its entirety, and **SETS** a briefing schedule.

## II.  Motion to Strike

Local Rules 7-1 through 7-14 govern motion practice in the Northern District of California. Local Rule 7-3(a) instructs any party opposing a motion to serve and file an opposition not less than 21 days before the hearing date. In this case, the hearing date on Defendant's motion for summary judgment was originally June 23, 2009. Accordingly, Plaintiff's opposition (or statement of non-opposition, see L.R. 7-3(b)) was due no later than June 2, 2009. When Plaintiff filed an "Objection," she included an apology for the late filing.

-1-

Plaintiff apparently believed it would suffice to attend the hearing on June 23, 2009, and argue her opposition to the Court. [Objection, ¶ 1]. Plaintiff is a *pro se* litigant. Nevertheless, even as lawyers must, *pro se* litigants must become familiar, and comply, with both the Rules of Civil Procedure and the Local Rules. *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986); *Karlozian v. Clovis Unified School District  8*, 2001 WL 488880, 1 (9th Cir. 2001).  Especially important in responding to dispositive motions are Federal Rule of Civil Procedure 56(c) and (e), and Local Rules 7-1 and 7-5.

Plaintiff's untimely submission violates Local Rule 7-3, and Defendant's motion to strike the "Objection" as untimely is well-taken.  Accordingly, the Court GRANTS the motion to strike and STRIKES the "Objection" in its entirety.

### III.    Motion for Summary Judgment.

Federal Rule of Civil Procedure 56(c) provides, in relevant part:

> The judgment sought should be rendered *if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Fed. R. Civ. P. 56(c). (emphasis supplied).

Federal Rule of Civil Procedure 56(e)(2) provides:

> When a motion for summary judgment is properly made and supported, an opposing party *may not rely merely on allegations* or denials in its own pleading; rather, *its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial.* If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R.Civ. P. 56(e)(2). (emphasis supplied).

The Supreme Court explains that Rule 56(e) "permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred." *Celotex Corp. v. Catrett* 477 U.S. 317, 324 (1986). In addition, Local Rule 7-5 provides:

> (a) Affidavit or Declaration Required. Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.
>
> (b) Form. An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid

>conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

L.R. 7-5.

Here, Plaintiff's Objection not only was untimely under Local Rule 7-1, but does not conform in any manner to Fed. Rule Civ. P. 56. Plaintiff's Exhibit A is a re-statement of the pleadings and is not proper support for an opposition to a summary judgment motion. *See* Fed. R. Civ. P. 56(e)(2) and *Celotex*, 477 U.S. at 324. Exhibit B is a collection of photographs with no identifying information or sworn testimony to support it.

Because the Plaintiff's submission evinces her intent to oppose the summary judgment motion, and because the hearing deadline is not yet past, the Court will provide a brief extension for the filing of a conforming opposition brief, and for the Defendant to reply. If the Rule 56 standard is not met, Plaintiff is warned that it may result in summary judgment in Defendant's favor. *See* Federal Rule 56(e)(2) providing that "[i]f the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." No further extensions of time will be granted without good cause.

### III. Conclusion

For the reasons discussed above, the Court HEREBY ORDERS:

1. Defendant's Motion to Strike is GRANTED. [Docket No. 117].
2. Plaintiff shall serve and file any opposition to the motion for summary judgment no later than five (5) days from the date this Order is filed.
3. Defendant may serve and file a reply within three (3) days of service of Plaintiff's opposition.
4. Unless the Court orders otherwise, upon conclusion of this briefing schedule, the matter will be deemed submitted for decision without oral argument.

IT IS SO ORDERED.

DATED: 7/8/09

HON. SAUNDRA B. ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KINSTLEY ET AL et al,

     Plaintiff,

  v.

CITY & COUNTY OF SAN FRANCISCO ET AL et al,

     Defendant.

                     Case Number: CV07-02323 SBA

                     **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 8, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maria Lee Kinstley
P.O. Box 126
Walnut Creek, CA 94597

Dated: July 8, 2009

                                         Richard W. Wieking, Clerk
                                         By: LISA R CLARK, Deputy Clerk